﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190626-22747
DATE: June 16, 2020

REMANDED

Entitlement to service connection for a heart valve disorder is remanded.

Entitlement to service connection for a cervical spine disorder is remanded.

Entitlement to service connection for a right wrist disorder is remanded.

Entitlement to service connection for asthma (claimed as difficulty breathing, pneumonia, and chest pain) is remanded.

Entitlement to service connection for a right knee disorder is remanded.

Entitlement to service connection for a left knee disorder is remanded.

REASONS FOR REMAND

The Veteran served on active military service from September 1977 to September 1980. 

These issues are on appeal from a November 2015 rating decision that denied the claims. The Veteran timely appealed this rating decision. In September 2018, the Veteran then selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the April 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. In June 2019, the Veteran timely appealed this rating decision to the Board of Veterans’ Appeals (Board) and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board has recharacterized the Veteran’s difficulty breathing claim based on the findings of the October 2015 VA examiner, who noted that the Veteran’s breathing difficulties are due to his current asthma diagnosis.

Evidence was added to the claims file by the Veteran during a period of time when new evidence was not allowed. As the Board is remanding the claims for further development, this additional evidence will be considered by the AOJ in the adjudication of those claims.

1. Entitlement to service connection for a heart valve disorder is remanded.

Prior to the April 2019 rating decision on appeal, the Veteran identified relevant outstanding treatment records at the VA Medical Center in Memphis, Tennessee, since August 1980 for all of the claims on appeal. The earliest VA treatment records in the Veteran’s claims file are dated from August 2011, and the AOJ has not made attempts to obtain the VA treatment records since 1980. A remand is required to allow VA to obtain these records.

2. Entitlement to service connection for a cervical spine disorder is remanded.

3. Entitlement to service connection for a right wrist disorder is remanded.

4. Entitlement to service connection for asthma (claimed as difficulty breathing, pneumonia, and chest pain) is remanded.

5. Entitlement to service connection for a right knee disorder is remanded.

6. Entitlement to service connection for a left knee disorder is remanded.

The cervical spine, right wrist, asthma, and bilateral knee claims are remanded to correct a duty to assist error that occurred prior to the April 2019 rating decision on appeal. The AOJ obtained October 2015 and November 2015 VA medical opinions prior to the rating decision on appeal. However, these medical opinions do not provide an adequate rationale because the sole basis for the opinions is a lack of current diagnoses without any discussion of the Veteran’s documented functional impairment and pain. The October 2015 VA heart examiner also found that the Veteran’s difficulty breathing is attributable to his current asthma instead of his heart; however, the examiner did not then provide a nexus opinion regarding the Veteran’s asthma diagnosis. The Board notes that additional VA examinations were scheduled for March 2019, but the Veteran failed to report for those examinations. However, medical opinions are still needed to decide these claims, as the AOJ made Favorable Findings in the April 2019 rating decision regarding in-service incurrences for all of these claims. Upon remand, VA medical opinions must be obtained.

The matters are REMANDED for the following actions:

1. Obtain the Veteran’s VA treatment records for the period from August 1980 to August 2011. Document all attempts to obtain these records, and inform the Veteran of any unavailability of these records.

2. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran has a current cervical spine disorder that is at least as likely as not related to his active military service, to include the conceded in-service events. 

In the event that the criteria for a cervical spine diagnosis are not met, the examiner should specifically state whether there is any functional impairment associated with the Veteran’s complaints of neck pain. Please complete the “Functional Impact” section of the report of examination. If there is functional impairment, please offer an opinion as to whether it is at least as likely as not that such impairment is associated with the Veteran’s active military service.

3. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran has a current right wrist disorder that is at least as likely as not related to his active military service, to include the conceded in-service events.

In the event that the criteria for a right wrist diagnosis are not met, the examiner should specifically state whether there is any functional impairment associated with the Veteran’s complaints of right wrist pain. Please complete the “Functional Impact” section of the report of examination. If there is functional impairment, please offer an opinion as to whether it is at least as likely as not that such impairment is associated with the Veteran’s active military service.

4. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s currently diagnosed asthma is at least as likely as not related to his active military service, to include the conceded in-service events. 

5. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran has a current bilateral knee disorder that is at least as likely as not related to his active military service, to include the conceded in-service events.

In the event that the criteria for a bilateral knee diagnosis are not met, the examiner should specifically state whether there is any functional impairment associated with the Veteran’s complaints of bilateral knee pain. Please complete the “Functional Impact” section of the report of examination. If there is functional impairment, please offer an opinion as to whether it is at least as likely as not that such impairment is associated with the Veteran’s active military service.

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Shauna M. Watkins, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.